24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ricardo BAUTISTA-RAMOS, Defendant-Appellant.
 No. 93-30380.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 18, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ricardo Bautista-Ramos appeals his convictions imposed following entry of his unconditional guilty plea to being a felon in possession of a firearm and unlawful possession of a firearm by an illegal alien, in violation of 18 U.S.C. Secs. 922(g)(1), 922(g)(5).
 
 
 3
 Counsel for Bautista-Ramos filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which identified three possible issues for review: (1) whether Bautista-Ramos' wife voluntarily consented to the search of their hotel room, (2) whether the police properly obtained Bautista-Ramos' consent to search his truck, and (3) whether trial counsel had a conflict of interest that denied Bautista-Ramos effective assistance of counsel. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 By failing to file a motion to suppress, Bautista-Ramos has waived the unlawful search issues. See United States v. Whitten, 706 F.2d 1000, 1011-12 (9th Cir.1983) (failure to raise unlawful search issue in district court waives appellate review), cert. denied, 465 U.S. 1100 (1984). In light of the limited record on appeal in the instant case, a claim of ineffectiveness of counsel based upon the failure to file a motion to suppress is more appropriately addressed in a habeas petition pursuant to 28 U.S.C. Sec. 2255. See United States v. Hoslett, 998 F.2d 648, 660 (9th Cir.1993) (collateral attack under 28 U.S.C. Sec. 2255 more appropriate to consider ineffective assistance of counsel claim where record not sufficiently complete to allow appellate review). Finally, the record is similarly inadequate for appellate consideration of Bautista-Ramos' claim that trial counsel labored under a conflict of interest.[1] See id.
 
 
 5
 The motion of counsel to withdraw is GRANTED and the judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no additional issues for review